AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| _____<br>*Plaintiff(s)*<br>v.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: _____          _____
                                                                            *Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LENDEL SAINT-FORT,                                      Civil Action No.  1:22-cv-6879
                            Plaintiff,

            -against-                                   **VERIFIED COMPLAINT**

CITY OF NEW YORK, NYPD POLICE OFFICER                   **PLAINTIFF DEMANDS A**
MICHAEL LUGO, NYPD POLICE SGT. JONATHAN                 **TRIAL BY JURY**
SUERO, NYPD POLICE SGT. PURRIER AND OTHER
NYPD OFFICERS UNKNOWN AT THIS TIME, POLICE
OFFICERS "JOHN and JANE DOE 4-10", Individually
and in their official capacities (the names John and Jane
Doe being fictitious, as the true names are presently
unknown),
                            Defendants.
-------------------------------------------------------------------x

        Plaintiff, by his attorneys GREENBERG LAW P.C., as and for his Verified Complaint,

respectfully alleges, upon information and belief as follows:

                            **NATURE OF THE ACTION**

        1.       This is an action to recover money damages arising out of the violation of Plaintiff's

rights under the Constitution including his rights secured under the laws of the Constitution of the

State of New York. Plaintiff also sues in traditional tort pursuant to pendent State claims.

                            **JURISDICTION AND VENUE**

        2.       This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First,

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

        3.       The jurisdiction of this Court is predicated upon 28 U.S.C §§1331 and 1343.

        4.       Venue is proper in this district pursuant to 28 U.S.C §§ 1391 (b) and (c).

        5.       Jurisdiction of this court for the pendent claims is authorized by F.R.C.P. l8(a) and

arises under the doctrine of pendent jurisdiction.

**JURY DEMAND**

6.     Plaintiff demands trial by jury in this action on each and every one of the claims as pleaded herein.

**PARTIES**

7.     Plaintiff LENDEL SAINT-FORT is a male residing in Kings County in the City and State of New York.

8.     Defendant CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York. It operates the NEW YORK CITY POLICE DEPARTMENT ("NYPD"), a department or agency of defendant CITY OF NEW YORK responsible for appointments, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named Defendants herein.

9.     Defendant POLICE OFFICER MICHAEL LUGO, Tax ID # 967978 ("Lugo"), at all relevant times herein, was an officer, employee and agent of the NYPD. Defendant Lugo is sued in his individual and official capacity.

10.     POLICE SERGEANT JONATHAN SUERO, Tax ID # 951308 ("Suero"), at all relevant times herein, was an officer, employee and agent of the NYPD. Defendant Suero is sued in his individual and official capacity.

11.     POLICE SERGEANT PURRIER, Tax ID # 949515 ("Purrier") at all relevant times herein, was an officer, employee and agent of the NYPD. Defendant Purrier is sued in his individual and official capacity.

12.     At all times herein mentioned, Defendant POLICE OFFICER "JOHN and JANE DOE 4-10" were police officers, detectives or supervisors employed by the City of New York. Plaintiff does not know the real names and shield numbers of Defendant POLICE OFFICERS

2

"JOHN and JANE DOE 4-10".

13.     At all times herein mentioned, Defendant POLICE OFFICERS "JOHN and JANE DOE 4-10" were acting as agents, servants and employees of the City of New York.  Defendants "JOHN and JANE DOE 4-10" are sued in their individual and official capacities.

14.     At all times relevant times herein, all individual Defendants were acting under color of state law.

## STATEMENT OF FACTS

15.     On June 4, 2022, at approximately 8:57 P.M., Plaintiff was lawfully standing in front of the premises known as 324 Roebling Street in Brooklyn, New York when Defendants Lugo, Suero, Purrier and other police officers ("Defendant Police Officers") attempted to issue him a summons related to his vehicle which was allegedly double-parked.

16.     At the aforesaid time and place, the Defendant Police Officers falsely arrested Plaintiff LENDEL SAINT FORT, and Plaintiff was aware of and did not consent to the false arrest. The Defendant Police Officers did not have a warrant, nor did they have reasonable cause to believe that both a crime had been committed and that Plaintiff had committed a crime.

17.      While falsely arresting Plaintiff, Defendant Police Officers used excessive, unnecessary, beyond the scope physical force including, but not limited to, the use of a CEW (a/k/a Conducted Energy Weapon or a "taser"), causing the Plaintiff to be severely injured.

18.     At no time did Plaintiff ever threaten, assault or strike the Defendant Police Officers.

19.     An FDNY ambulance was called and took Plaintiff LENDEL SAINT FORT to Woodhull Hospital where the Plaintiff was treated in the emergency room and subsequently was transferred to Bellevue Hospital.

20.     At no point did Defendants ever observe Plaintiff commit any crime or offense.

21.     Plaintiff was required to appear in criminal court, where all charges against him were dismissed in their entirety with him accepting an ACD (Adjournment in Contemplation of Discharge.)

22.     Plaintiff suffered damage as a result of Defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, and damage to his reputation.

**FIRST CLAIM**
**UNLAWFUL STOP AND SEARCH**

23.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

24.     Defendants violated the Fourth and Fourteenth Amendment because they stopped and searched Plaintiff without reasonable suspicion.

25.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

**SECOND CLAIM**
**FALSE ARREST**

26.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

27.     Defendants violated the Fourth and Fourteenth Amendment because they arrested Plaintiff without probable cause.

28.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

**THIRD CLAIM**

4

**UNREASONABLE FORCE**

29.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

30.     The Defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Plaintiff.

31.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

32.     Plaintiff seeks nominal and compensatory damages in an amount that exceeds the jurisdictional minimum of this Court, and in an amount to be fixed by a jury from all Defendants and is further entitled to punitive damages against the individual Defendants, in an amount to be fixed by a jury, plus reasonable attorney's fees costs and disbursements in this action.

**FOURTH CLAIM**
**FIRST AMENDMENT RETALIATION**

33.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

34.     By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual Defendants are liable for violation of 42 U.S.C. §1983 which prohibits the deprivation under color of state law of right secured under the United States Constitution.

35.     The individual Defendants have violated the Plaintiffs First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment Rights. Defendants' actions were taken in retaliation for the Plaintiffs exercising his First Amendment rights.

36.     As a consequence of the individual Defendants' actions, Plaintiff has suffered violation of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and

apprehension that he will, again, be subjected to similar unlawful acts by Defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

37.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## FAILURE TO INTERVENE

38.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

39.     Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

40.     Accordingly, the Defendants who failed to intervene violated the Fourth, Fifth, Sixths and Fourteenth Amendments.

41.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
## MONELL

42.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

43.     The incident that is the subject of this action is not an isolated incident.

44.     The City of New York ("City"), through policies, practice and customs, directly caused the constitutional violation suffered by the Plaintiff.

45.     The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the

consequences.

46. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, false arrests, use of excessive force and the fabrication of evidence.

47. The City, at all relevant times was, upon information and belief, aware that those individual Defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

48. The City, at all relevant times, was aware that these individual Defendants were unfit officers who have previously committed the acts alleged herein and/or have a propensity for such conduct.

49. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SEVENTH CLAIM**
**<u>SECTION 50-E OF THE GENERAL MUNICIPAL LAW</u>**

50. The Plaintiff, at all times herein mentioned, was and still is a resident of the County of Kings, City and the State of New York.

51. At all times herein mentioned, defendant THE CITY OF NEW YORK (hereinafter referred to as defendant "CITY"), was and still is a municipal corporation duly authorized to and doing business in the County, City and State of New York.

52. That at all times hereinafter mentioned, the NYPD was a subsidiary, agency and/or otherwise under the auspices and control of the defendant CITY.

53. At all times herein mentioned, the NYPD was and remains a department of defendant CITY.

54. That at all times hereinafter mentioned, defendant CITY was and is responsible for the actions of the NYPD, its agents, servants and/or employees.

55. Prior to the commencement of this action, a notice of claim in writing was served

on the defendant CITY on behalf of Plaintiff in accordance with Section 50-e of the General Municipal Law.

56.     That Plaintiff duly presented and served upon defendant CITY his notice of claim and demand for adjustment of damages by serving and filing same upon said defendant within ninety (90) days after the accrual of Plaintiff's claims pursuant to the statutes in such cases made and provided.

57.     That although more than thirty (30) days have elapsed since the presentation and service of the notice of claim and demand for adjustment of damages, defendant CITY has failed to make any adjustments and/or payments of said claim.

58.     The oral examination of the Plaintiff pursuant to Section 50-h of the General Municipal Law was held on September 8, 2022.

59.     That this action is commenced within one year and ninety days of the date of accrual of Plaintiff's claims.

60.     At all times herein mentioned, defendant CITY operated and maintained police forces charged with the duty and responsibility of maintaining the peace in the City of New York.

63.   At all times herein mentioned, defendant CITY operated, managed and controlled NYPD.

61.     At all times herein mentioned. defendant CITY operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

62.     At all times herein mentioned, defendant C1TY employed police officers.

63.     At all times herein mentioned, defendant CITY supervised the NYPD.

64.     At all times herein mentioned, defendant CITY supervised the NYPD and its

personnel.

65.     At all times herein mentioned, defendant CITY supervised the NYPD and its personnel, including its police officers.

66.     At all times herein mentioned, defendant CITY supervised the NYPD and its personnel, including defendant POLICE OFFICER MICHAEL LUGO.

67.     At all times herein mentioned, defendant CITY supervised the NYPD and its personnel, including defendant POLICE SERGEANT JONATHAN SUERO.

68.     At all times herein mentioned, defendant CITY supervised the NYPD and its personnel, including defendant SERGEANT PURRIER.

69.     At all times herein mentioned, defendant CITY supervised the NYPD, and its personnel, including defendant POLICE OFFICER "JOHN/JANE DOE 4-10".

70.     At all times herein mentioned, defendant CITY employed and supervised the defendant POLICE OFFICER MICHAEL LUGO.

71.     At all times herein mentioned, defendant CITY employed and supervised the defendant POLICE SERGEANT JONATHAN SUERO.

72.     At all times herein mentioned, defendant CITY employed and supervised the defendant POLICE SERGEANT PURRIER.

73.     At all times herein mentioned, defendant CITY employed and supervised the defendant POLICE OFFICERS "JOHN/JANE DOE 4-10".

74.     At all times herein mentioned, defendant POLICE OFFICER MICHAEL LUGO was an employee of defendant CITY, duly appointed and acting as a police officer for the NYPD and was acting in the course and scope of his employment.

75.     At all times herein mentioned, defendant POLICE SERGEANT JONATHAN

SUERO was an employee of defendant CITY, duly appointed and acting as a police officer for the NYPD and was acting in the course and scope of his employment.

76.     At all times herein mentioned, defendant POLICE SERGEANT PURRIER was an employee of defendant CITY, duly appointed and acting as a police officer for the NYPD and was acting in the course and scope of his employment.

77.     At all times herein mentioned, defendant POLICE OFFICERS "JOHN/JANE DOE 4-10 were employees of defendant CITY, duly appointed and acting as police officers for the NYPD and were acting in the course and scope of their employment.

78.     At all times herein mentioned, defendant POLICE OFFICER MICHAEL LUGO was engaged in conduct incidental to the performance of his functions in the course of his duties as employee of the CITY.

79.     At all times herein mentioned, defendant POLICE SERGEANT JONATHAN SUERO was engaged in conduct incidental to the performance of his functions in the course of his duties as employee of the CITY.

80.     At all times herein mentioned, defendant POLICE SERGEANT PURRIER was engaged in conduct incidental to the performance of his functions in the course of his duties as employee of the CITY.

81.     At all times herein mentioned, defendant POLICE OFFICER "JOHN/JANE DOE 4-10" were engaged in conduct incidental to the performance of their functions in the course of their duties as employees of the CITY.

82.     At all times herein mentioned, defendant POLICE OFFICER MICHAEL LUGO was engaged in supervisory capacities in the scope of his employment with CITY.

83.     At all times herein mentioned, defendant POLICE SERGEANT JONATHAN

SUERO was engaged in supervisory capacities in the scope of his employment with CITY.

84.    At all times herein mentioned, defendant POLICE SERGEANT PURRIER was engaged in supervisory capacities in the scope of his employment with CITY.

85.    At all times herein mentioned, defendant POLICE OFFICERS "JOHN/JANE DOE 4-10" were engaged in supervisory capacities in the scope of their employment with CITY.

86.    The Plaintiff was injured as a result of the negligence, carelessness and recklessness of the Defendants, their agents, servants and/or employees.

87.    On June 4, 2022, Plaintiff LENDEL SAINT FORT was a lawful citizen abiding by all laws, statutes and ordinances of the State of New York, standing in front of or near the premises known as 325 Roebling Street, Brooklyn, New York, in the County of Kings, City and the State of New York.

88.    At the aforesaid time and place certain Defendant Police Officers were present in the course and scope of their employment with defendant with the knowledge, authority, permission and consent of defendant NYPD.

89.    At the aforesaid time and place Plaintiff was assaulted, attacked, battered, dragged and illegally detained by aforesaid Defendant Police Officers.

90.    At the aforesaid time and place Plaintiff was violently, forcibly and improperly handcuffed by aforesaid Defendant Police Officers.

91.    At the aforesaid time and place Plaintiff was forcibly and improperly handcuffed by said Defendant Police Officers and transported to Woodhull Hospital and then transported to the Bellevue Hospital, where Plaintiff was falsely, illegally and wrongfully detained.

92.    That on June 4, 2022, Plaintiff was wantonly, intentionally, maliciously, illegally, and aggressively assaulted, attacked, battered, struck, and handcuffed by Defendant Police

Officers who used excessive force and violence in their handling and dealing with the Plaintiff.

93.     At all times herein mentioned, Defendants had the duty to ensure that their actions, activities, and behavior conformed to a certain standard of conduct established by the law for the protection of civilians, including the Plaintiff, against unreasonable risk of harm.

94.     That the aforesaid occurrence were caused solely and wholly, through and by reason, of the carelessness, recklessness and negligence of the Defendants in failing to instruct or properly instruct their personnel, particularly the police officers involved herein, in the manner in which they were to execute their duties; in failing to supervise, properly supervise and/or adequately supervise its personnel; in hiring employees with known wild and criminal propensities; in failing to employ and/or hire competent, able and/or knowledgeable officers; in failing to train and/or properly train their officers in the proper execution of their jobs; in failing to train, properly train and/or adequately train its police officers, agents, servants and/or employees, in the safe and proper execution of their jobs; in their use of excessive force under the circumstances presented at the time; in violating the applicable laws, statutes, codes, rules, regulations, ordinances, and industry standards in such cases made and provided; in the gross, wanton, reckless and willful acts of Defendants, their agents, servants and/or employees; in causing Plaintiff grave psychological and emotional injuries; they were otherwise careless, reckless and negligent and failed to exercise reasonable care and prudence, all without any fault or lack of care on the part of Plaintiff thereto.

95.     That by reason of the foregoing Plaintiff was seriously and permanently injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain, inconvenience and other

effects of such injuries; Plaintiff incurred and in the future will necessarily incur, further hospital and/or medical expenses in an effort to be cured of said injuries; and Plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and Plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence, all to his great damage.

96.     The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602.

97.     Due to Defendants' negligence, Plaintiff is entitled to damages in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

98.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear adjudicate such claims.

## EIGHTH CLAIM
## FALSE ARREST

99.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

100.    That on June 4, 2022, Plaintiff was falsely, illegally and wrongfully arrested by aforesaid Police Officers without probable or just cause or provocation and detained, transported to Woodhull Hospital and then to Bellevue Hospital and imprisoned the Plaintiff for an unreasonable period of time thereafter until he was released.

101.    That on June 4, 2022, Plaintiff was caused to be falsely and wrongfully arrested, handcuffed, detained, imprisoned, incarcerated and deprived of his rights and liberty for an unreasonable period of time until he was discharged.

102.    That on June 4, 2022, Defendants, their agents, servants and/or employees did falsely, wrongfully, intentionally and maliciously arrest, detain, imprison and incarcerate the

Plaintiff, depriving him of his civil rights and liberty for an unreasonable period of time, all without any just cause or provocation.

103.     That by reason of the foregoing, Plaintiff was caused to sustain severe and serious injuries and damages, both mentally and physically, severe nervous shock, emotional distress and illness, was placed in a position of fear for his life and well-being, was subjected to extreme embarrassment, humiliation, scorn and ridicule, defamation of character, and was severely injured and damaged.

104.     That by reason of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**NINTH CLAIM**
**FAILURE TO PROPERLY TRAIN**

105.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

106.     At all times herein mentioned it was the duty of Defendants to select and screen for hiring for retention or discharge as employees those who are not fit, suitable, properly trained and instructed, constituting a potential menace, hazard or danger to the public or otherwise, those with vicious propensities and those with emotional, physical, psychological and/or physiological traits or characteristics or unsuitable or unstable or contraindicated for such employment.

107.     At all times herein mentioned, it was the duty of said Defendants to properly train, discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and behaviors of its agents, servants and/or personnel.

108.     That by reason of the negligence of Defendants in their hiring, monitoring and retention of said employees with knowledge of the unsuitable, unstable and unfitness to act and serve and unfitness to continue to act and serve as employees by reason of the Defendants' breach

of their duties, the Plaintiff was caused to suffer severe injuries and damage, without fault or want of care on the pa1t of the Plaintiff in any way contributing thereto, thereby causing him extreme physical, mental and emotional illness and distress, as well as severe physical, mental and emotional injuries which are permanent in nature and duration.

109.    That by reason of the foregoing, Plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

110.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear adjudicate such claims.

**TENTH CLAIM**
**UNLAWFUL IMPRISIONMENT**

111.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

112.    The Defendants issued criminal legal process against the Plaintiff for the purpose of forbearing certain acts by the Plaintiff.

113.    The Plaintiff was deprived of his liberty and freedom by way of arrest and confinement.

114.    The actions of the Defendants causing the Plaintiff to be arrested, imprisoned, and prosecuted, were affected for the ulterior purpose of causing Plaintiff to be unlawfully deprived of his liberty and civil rights, and to suffer inconvenience, humiliation, shame, embarrassment, damage to his reputation and good name, and to incur legal expenses.

115.    The Defendants acted with ulterior purpose of causing the Plaintiff harm, all the while lacking any economic justification, social excuse or other justification.

116.    The Defendants activated the process for a collateral advantage or corresponding

detriment to the Plaintiff that is outside the legitimate ends of the process.

117. The false arrest, false imprisonment, and wrongful prosecution of Plaintiff by the Defendants was intentional, without justification or excuse, a misuse of process and an abuse of judicial process.

118. By reason of the foregoing, the Plaintiff sustained actual and special damages, was improperly deprived of his liberty and civil rights, and was caused to incur emotional upset, mental anguish, embarrassment, shame, humiliation, anguish, injury to reputation, lost earnings, and legal expenses.

119. The limitations set forth in section 1601 of the CPLR do not apply to this action by reason of one or more of the exceptions set forth in section 1602 of the CPLR.

120. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear adjudicate such claims.

## ELEVENTH CLAIM
## FAILURE TO INTERVENE

121. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

122. At all times herein mentioned, the Defendants were acting under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of The City of New York and The State of New York.

123. At all times herein mentioned, the Defendants' acts constituted state actions.

124. On and before June 4, 2022, the Defendants developed and maintained policies, customs, and practices exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused a violation of the Plaintiff's rights.

125. On and before June 4, 2022, it was the policy, custom, and practice of the

Defendants to improperly and inadequately investigate citizen and other Complaints of police misconduct and acts of misconduct were instead tolerated, including but not limited to, incidents in the past wherein the Defendants and their supervisors made false arrests without probable cause and allowed fellow police officers and employees to make false entries in official police department records, to issue false and fraudulent criminal Complaints and accusatory instruments, and to cover up and hide wrongful conduct.

126.   On and before June 4, 2022, it was the policy, custom, and practice of the Defendants to fail to take steps to discipline, train, supervise, or otherwise correct the improper and illegal conduct of the individual Defendants in this and similar cases involving misconduct, thereby failing to adequately discharge further constitutional violations on the part of its police officers.

127.   On and before April 27, 2017, it was the policy, custom, and practice of the Defendants to fail to require appropriate in-service training and re-training of police officers who were known to have engaged in police misconduct.

128.   If certain individual Defendants did not themselves engage in tortious conduct directed at the Plaintiff, those individuals failed to prevent physical battery, arrest, and abuse of the Plaintiff, or other tortious conduct by the other individual Defendants directed toward the Plaintiff, despite having a duty to do so.

129.   As a result of the faulty policies, customs, and practices of the Defendants, the police officers employed by the Defendants believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

130.   The Defendants' policies, customs, and practices demonstrated a deliberate indifference on the part of the policymakers to the constitutional rights of persons within the City of New York and were the cause of the violations of Plaintiff's rights.

131.    The Plaintiff in no way provoked or encouraged the conduct of the Defendants and the Defendants' conduct was in no way privileged.

132.    The Defendants, acting in concert and individually, deprived the Plaintiff of his civil, constitutional, and statutory rights, and conspired to deprive Plaintiff of such rights under the 4th, 5th, 8th and 14th amendments, and 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, including but not limited to: the right to be free from arbitrary and groundless arrest, the right to be free from cruel and unusual punishment and summary punishment, the right to be free from unlawful restraints on movement, right not to be subjected to imprisonment without due process of law, the right to enjoy equal protection of the laws, the right to have all legal rights enjoyed by Caucasian persons, the right to be secure in person and property, the right to have persons entrusted with legal authority to act to enforce his civil rights to act to enforce such rights or be themselves adjudicated, the right to be free from excessive and unreasonable force, the right to obtain timely medical treatment, the right to be protected as a prisoner, and the right to be free from conspiracies to violate his civil rights by those acting under color of state law.

133.    By reason of the foregoing, the Plaintiff was caused to be falsely arrested, illegally deprived of his liberty and civil rights, caused to suffer imprisonment and confinement, caused to be assaulted and battered, wrongfully prosecuted, incapacitated from his usual vocation; and caused to incur emotional upset, mental anguish, embarrassment, shame, humiliation, anguish, injury to reputation, lost earnings, and legal expenses.

134.    By reason of the foregoing, the Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

135.    The limitations set forth in section 1601 of the CPLR do not apply to this action by

reason of one or more of the exceptions set forth in section 1602 of the CPLR.

136.    Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction

to hear and adjudicate claim.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff especially requests judgment against Defendants as follows:

a)  Compensatory damages against all Defendants, jointly and severally;

b)  Punitive damages against the individual Defendants, jointly and severally;

c)  An order enjoining Defendants' from engaging in further bias-based profiling against

Plaintiff;

d)  A declaration that Plaintiffs has been subject to discrimination through bias-based

profiling by Defendants;

e) Reasonable attorney's fees and cost pursuant to 28 U.S.C. § 1988; and

f)  Such other and further relief as this Court deems just and proper.


Dated:  New York, New York
         November 10, 2022


_____
MATTHEW E. GREENBERG. ESQ.
GREENBERG LAW, P. C.
370 Lexington Avenue Suite 1100
New York, New York 10011
(212) 972-5656
*Attorneys for Plaintiff Lendel Saint Fort*

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK          )
                           ):ss:
COUNTY OF NEW YORK   )

MATTHEW E. GREENBERG hereby affirms under penalties of perjury as follows:

I am an attorney with the firm of Greenberg Law P.C., attorney for the Plaintiff in the within action.  That he has read the foregoing **COMPLAINT** and knows the contents thereof and the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

That the reason this verification is made by affiant and not by the Plaintiff is that Plaintiff does not reside in the County wherein your affiant's office is located.

Affiant further states that the source of his information and the grounds of his belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said Plaintiff, information contained in the said Plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: New York, New York
     November 10, 2022

 

_____
MATTHEW E. GREENBERG. ESQ.

JS 44 (Rev. 4-29-21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LENDEL SAINT-FORT

**DEFENDANTS**
CITY OF NEW YORK, et al.

**(b)** County of Residence of First Listed Plaintiff   **KINGS**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **KINGS**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
GREENBERG LAW PC 370 Lexington Ave. Ste. 1100
NY NY 10017 2129725656

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

*Does this action include a motion for temporary restraining order or order to show cause? Yes ☐ No ☑"*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution
Brief description of cause:
POLICE BRUTALITY

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
11/10/2022

SIGNATURE OF ATTORNEY OF RECORD
Matthew E. Greenberg

Digitally signed by Matthew E. Greenberg
Date: 2022.11.10 14:17:01 -05'00'

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, MATTHEW E. GREENBERG                              , counsel for    LENDEL SAINT-FORT    , do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☑  monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐  the complaint seeks injunctive relief,

☐  the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

# NY-E DIVISION OF BUSINESS RULE 1(c)

1.)   Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ☑ No

2.)   If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☐ Yes   ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☑ Yes   ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:            .

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☐ Yes   ☑ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes            ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes   (If yes, please explain    ☑ No

I certify the accuracy of all information provided above.

Signature: _____